UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

```
HERBERT CHILDS AND ISABEL       :
CHILDS,                         :
     Plaintiffs,                :
                                :
          v.                    :    File No. 1:07-CV-18
                                :
STEVEN VALENTE,                 :
     Defendant.                 :
_____ :
```

## RULING ON PLAINTIFFS' MOTION TO REMAND
(Paper 33)

For the following reasons, Plaintiffs Herbert and Isabel Childs' ("Plaintiffs") motion to remand is granted.

Plaintiffs filed this case in state court on December 20, 2005, at which time the case was not removable to federal court because it did not involve a federal question or the required amount in controversy. Approximately thirteen months later, on January 19, 2007, Allstate Insurance Company ("Allstate") filed a motion to intervene along with a proposed subrogation complaint requesting an amount in excess of $75,000. Based upon Allstate's filing, Defendant Steven Valente ("Valente") opportunistically removed the action to this Court on the purported grounds of diversity. All the while, Allstate's motion to intervene remained pending.

Because federal courts are courts of limited jurisdiction, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.  See Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994); see also Zerafa v. Montefiore Hosp. Hous. Co., Inc., 403 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) ("Removal jurisdiction is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum").  Practical considerations also underlie the heavy presumption against removal.  As stated by one court, it would "ill behoove us to retain the action if there is the slightest doubt as to our power to entertain it, and then face the possibility of jurisdictional dismissal by a higher court after the litigation had been fully concluded."  Am. Mut. Liab. Ins. Co. v. Flintkote Co., 565 F. Supp. 843, 850 (S.D.N.Y. 1983).  It is therefore understandable why the removing party bears the burden of showing the propriety of removal.  See Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003).

In this case, the Court concludes Defendant has not met his burden of showing a right to a federal forum.  Without citing direct authority for the proposition, Defendant argues that Allstate's yet to be ruled upon motion to intervene (and accompanying proposed complaint) made the case removable, and

timely under 28 U.S.C. § 1446(b).[1]  This argument, however, misses the intended mark for several reasons.  For one, it wholly ignores both Plaintiffs' complaint as the operative "initial pleading" and section 1446(b)'s one year limitation on the removal of certain diversity cases.  Second, Defendant's position runs counter to substantial case law holding removal may not be predicated on an intervening petition or complaint.  See, e.g., Murphy v. Joshua Fin. Servs., Inc., 2006 WL 3299999, at *1 (N.D. Tex. Oct. 24, 2006) (collecting cases).  Lastly, and perhaps most importantly, Allstate has not been added to this action as a party.  Removal is therefore improvident because federal jurisdiction cannot be based upon a presumed eventual intervention.  See Vang v. Healy, 804 F. Supp. 79, 83 (E.D. Cal. 1992).  It is true that Allstate's motion to intervene is ripe for adjudication.  But without another basis for federal

---

[1] Title 28 U.S.C. § 1446(b) provides in relevant part:

> The notice of removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

jurisdiction, the Court "cannot hear and grant a motion which then would give the court jurisdiction." <u>Id.</u>

In sum, Defendant has not met his burden of showing that removal, based on Allstate's motion to intervene, is proper. Plaintiffs' motion to remand, (Paper 33), is GRANTED and this action is REMANDED forthwith to Windham Superior Court.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of March, 2007.

                                      /s/ J. Garvan Murtha
                                      J. Garvan Murtha
                                      United States District Judge